911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence J. SPARKS, Petitioner-Appellant,
v.
John JABE, Respondent-Appellee.
 No. 89-2316.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, JR., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 Lawrence J. Sparks, a Michigan prisoner, appeals from the district court's judgment denying his petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sparks was convicted of first degree murder. After exhausting his state remedies, he sought habeas relief. The district court denied the application, and a panel of this court affirmed the district court's decision. We found two of Sparks's claims to be barred from habeas review because of failure to object during trial. In all other respects, we addressed the merits of the remaining claims and found that habeas relief was not warranted. Sparks v. Foltz, No. 87-1685 (6th Cir. May 12, 1988).
 
 
 3
 The Supreme Court granted certiorari and remanded the case for further consideration in light of Harris v. Reed, 109 S.Ct. 1038 (1989). Sparks v. Foltz, 109 S.Ct. 1306 (1989).
 
 
 4
 The district court determined that under the rule adopted by Harris, 109 S.Ct. at 1043 (a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar), the two claims previously held to be procedurally barred were not barred from habeas review. However, the district court found the claims to be meritless. Upon review, we find no error.
 
 
 5
 The only issues considered on this appeal are those previously held to be procedurally barred from review. They are:
 
 
 6
 1. Whether the prosecutor infringed upon Mr. Sparks's constitutional right to be present at his trial, by arguing to the jury that Mr. Sparks's presence at trial had given him the opportunity to fabricate his testimony to make it conform to the testimony of the witnesses he heard; and
 
 
 7
 2. Whether the trial court's instruction on the credibility of Mr. Sparks set a different standard requiring a preliminary determination of reliability thus denying Mr. Sparks due process of law.
 
 
 8
 The remaining issues asserted by Sparks in his petition are unaffected by the Supreme Court's mandate to consider the case in light of Harris. Accordingly, we hereby adopt the reasoning set forth in this court's per curiam opinion dated May 12, 1988. Sparks v. Foltz, No. 87-1685 (6th Cir. May 12, 1988).
 
 
 9
 Furthermore, we hereby affirm the order of the district court for the reasons set forth in the court's memorandum opinion and order dated October 31, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.